IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| JANINA DULIN,<br><br>     Plaintiff,<br><br>v.<br><br>DERMPATH AND DERM<br>CONSULTANTS, CHARLESTON LLC,<br><br>     Defendant. | Civil Action No.<br><br><br>JURY TRIAL DEMANDED |

## COMPLAINT FOR DAMAGES

COMES NOW, Plaintiff Janina Dulin ("Plaintiff" or "Ms. Dulin"), through undersigned counsel, and files this lawsuit against Defendant Dermpath and Derm Consultants, Charleston LLC ("Defendant" or "Dermpath"), and for her Complaint shows the following:

### I.   Nature of Complaint

1.

Plaintiff brings this action to obtain full and complete relief and to redress the unlawful employment practices described herein.

2.

This action seeks declaratory relief, along with liquidated and actual damages, attorney's fees and costs for Defendant's failure to pay federally mandated overtime wages to Plaintiff in violation of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §201 *et seq*. (hereinafter the "FLSA").

## II.    Jurisdiction and Venue

3.

The jurisdiction of this Court is invoked pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

4.

Defendant is a Georgia limited liability company and resides in this district. Defendant does business in and is engaged in commerce in the State of Georgia. Venue is proper in this district pursuant to 29 U.S.C. § 1391(b) because Defendant resides in this district and a substantial part of the events and omissions that give rise to Plaintiff's claims occurred in this district.

## III.    Parties and Facts

5.

Defendant hired Ms. Dulin on or about May 15, 2014, as a part-time Esthetician/Laser Technician.

6.

Plaintiff was an "employee" of Defendant, as that term has been defined by the FLSA, 29 U.S.C.S. § 201 et seq., 29 U.S.C. § 203(e).

7.

Defendant is a private employer engaged in interstate commerce, and its gross revenues exceed $500,000 per year.

8.

Defendant is an "employer" within the definition of the FLSA, 29 U.S.C. §203(d).

9.

Defendant may be served with process through their corporate Registered Agent, United States Corporation Agents, Inc., at 1420 Southlake Plaza Drive, Morrow, GA 30260.

10.

As a part-time employee, Ms. Dulin worked approximately three, eight-hour shifts per week.

11.

In or about June 2015, Defendant offered and Ms. Dulin accepted a full-time position.

12.

In addition to her duties as an Esthetician, Ms. Dulin began to perform additional administrative duties Defendant, including creating patient forms, assisting with marketing, and helping create content for Defendant's website.

13.

As a full time employee, Ms. Dulin regularly worked an amount of time that was more than forty (40) hours in given workweeks.

14.

Defendant did not pay Ms. Dulin the overtime wage differential for hours worked over forty (40) hours in such weeks.

15.

Instead of compensating Ms. Dulin at the rate of one and a half times her regular hourly rate of $18.00, Defendant paid Ms. Dulin only her regular hourly rate for hours worked over forty (40) in a given week.

16.

For some weeks, Defendant did not pay Ms. Dulin either her regular hourly rate or the overtime wage differential for hours worked over forty (40) hours in such week.

17.

On or about October 6, 2015, Ms. Dulin sent Defendant's owner Dr. Kathleen Smith an email complaining about Defendant's failure to pay Ms. Dulin overtime.

18.

Nine (9) days later, on or about October 15, 2015, Dr. Kathleen Smith sent Ms. Dulin a text message stating, "Please do not return to the office unless invited I hope you find another job."

19.

Defendant thereby terminated Ms. Dulin's employment on or about October 15, 2015.

20.

Defendant suffered or permitted Plaintiff to work in excess of 40 hours in given workweeks without receiving overtime compensation.

21.

Defendant is an "employer" within the definition of the FLSA, 29 U.S.C. §203(d).

22.

Defendant is governed by and subject to the FLSA, 29 U.S.C. §204 and §207.

23.

Defendant failed to keep accurate time records for all hours worked by Ms. Dulin during her employment with Defendant.

24.

Ms. Dulin is entitled to overtime pay for the hours she worked over forty (40) hours in given workweeks. Defendant's practices violate the provisions of the FLSA, 29 U.S.C. § 201, et seq. including but not limited to 29 U.S.C. § 207. As a result of Defendant's unlawful practices, Plaintiff has suffered lost wages.

25.

Defendant terminated Ms. Dulin's employment in retaliation for her complaint about Defendant's failure to pay her overtime.

26.

Defendant's proffered reason for its termination of Ms. Dulin's employment is a pretext for retaliation.

## Count I

## Violation of the Overtime Wage Requirement of the Fair Labor Standards Act

27.

Plaintiff repeats and re-alleges each and every allegation contained in the preceding paragraphs of this Complaint with the same force and effect as if set forth herein.

28.

Defendant has violated the FLSA, 29 U.S.C. § 201, et seq. including but not limited to 29 U.S.C. § 207, by failing to pay full overtime wages for hours Plaintiff worked in excess of forty (40) hours in given workweeks.

29.

The FLSA, 29 U.S.C. § 207, requires employers to pay employees one and one-half times the regular rate of pay for all hours worked in excess of forty (40) hours in a workweek.

30.

Defendant suffered or permitted Plaintiff to routinely work more than forty (40) hours per week without overtime compensation.

31.

Defendant's actions, policies and/or practices as described above violate the FLSA's overtime requirement by regularly and repeatedly failing to compensate Plaintiff at the required overtime rate.

32.

Defendant knew, or showed reckless disregard for the fact that Defendant failed to pay Plaintiff overtime compensation in violation of the FLSA.

33.

Defendant failed to accurately report, record and/or preserve records of hours worked by Plaintiff, and thus has failed to make, keep and preserve records with respect to each of their employees sufficient to determine their wages, hours and other conditions and practices of employment, in violation of the FLSA.

34.

Defendant's violations of the FLSA were willful and in bad faith.

35.

Pursuant to the FLSA, 29 U.S.C. § 216, Plaintiff is entitled to recover the unpaid overtime wage differential, liquidated damages in an equal amount to unpaid overtime, attorneys' fees, and the costs of this litigation incurred in connection with these claims.

## Count II

### Violation of 29 U.S.C. § 215(a)(3)
### (FLSA Retaliation)

36.

Plaintiff repeats and re-alleges each and every allegation contained in the preceding paragraphs of this Complaint with the same force and effect as if set forth herein.

37.

On or about October 6, 2015, Ms. Dulin sent Defendant's owner Dr. Kathleen Smith an email complaining about Defendant's failure to pay Ms. Dulin overtime.

38.

Nine (9) days later, on or about October 15, 2015, Dr. Kathleen Smith sent Ms. Dulin a text message stating, "Please do not return to the office unless invited I hope you find another job."

39.

Defendant thereby terminated Ms. Dulin's employment on or about October 15, 2015.

40.

29 U.S.C. § 215(a)(3) makes it unlawful for any person…to discharge or in any other manner discriminate against any employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding under or related to [the FLSA], or has testified or about to testify in any such proceeding, or has served or is about to serve on an industry committee.

41.

The FLSA's definition of the word "person" includes "an individual, partnership, association, corporation, business trust, legal representative, or any organized group of persons."

42.

Defendant is a "person" under the FLSA and was prohibited from retaliating against Plaintiff because he engaged in activity protected under the FLSA.

43.

Defendant's actions, policies and/or practices as described above violate the FLSA's anti-retaliation provision, 29 U.S.C. § 215(a)(3).

44.

Defendant knew that its conduct violated the FLSA, and Defendant acted with malice or with reckless indifference to Plaintiff's federally protected rights.

45.

Defendant's violations of the FLSA were willful and in bad faith.

46.

Plaintiff engaged in statutorily protected activity under the FLSA by, *inter alia*, opposing an employment practice she believed was unlawful under the FLSA.

47.

Plaintiff suffered adverse actions as a result of his statutorily protected conduct, *to wit*: Defendant terminated her employment.

48.

Defendant's retaliatory conduct was not "wholly unrelated" and was, in fact, directly related to Plaintiff engaging in activity protected under the FLSA.

49.

Plaintiff's statutorily protected activity was the motivating factor in Defendant's decision to retaliate against Plaintiff.

50.

As a direct and proximate result of the retaliation, Plaintiff has suffered emotional distress, for which he is entitled to recover from Defendant.

51.

Pursuant to the FLSA, 29 U.S.C. § 215(a)(3), Plaintiff is entitled to recover

actual and liquidated damages, including lost wages, as well as compensatory damages, attorneys' fees, and the costs of this litigation incurred in connection with these claims.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests that this Court:

(A) Grant Plaintiff a trial by jury as to all triable issues of fact;

(B) Enter judgment against Defendant and awarding Plaintiff unpaid wages pursuant to the FLSA, 29 U.S.C. §§ 206(d), 207, and 216, liquidated and compensatory damages as provided by 29 U.S.C. § 216, pre-judgment interest on unpaid wages, court costs, expert witness fees, and reasonable attorneys' fees pursuant to 29 U.S.C. § 216, and all other remedies allowed under the FLSA; and,

(C) Grant declaratory judgment declaring that Plaintiff's rights have been violated;

(D) Grant Plaintiff leave to add additional state law claims if necessary; and

(E) Award Plaintiff such further and additional relief as may be just and appropriate.

Respectfully submitted the 29th day of June, 2016.

**BARRETT & FARAHANY**

 /s/ Amelia A. Ragan
Amelia A. Ragan
Georgia Bar No. 831387

*Attorneys for Janina Dulin*

1100 Peachtree Street, N.E., Suite 500
Atlanta, GA 30309
(404) 214-0120
(404) 214-0125 Facsimile
amelia@justiceatwork.com